UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CUONG H. MAI,

    Plaintiff,

v.                                 CASE No. 8:07-CV-288-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[*] Because the decision of the Commissioner of Social Security fails to explain the discounting of the plaintiff's subjective complaint that he falls asleep during the day due to obstructive sleep apnea, it will be reversed and the matter remanded for further consideration.

I.

The plaintiff, who was forty-two years old at the time of the administrative decision and who has a masters degree in marketing, has

---

[*] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 11).

worked primarily as an assistant manager in a restaurant (Tr. 16, 71, 208-09). Currently, he works part-time as an assistant manager in a Chinese restaurant (Tr. 65, 209). The plaintiff has filed a claim for Social Security disability benefits, alleging that he had become disabled. The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of status post myocardial infarction with catheterization and stent placement, history of depression/anxiety, coronary artery disease, hypertension, sleep apnea, and hemorrhoids (Tr. 14). He concluded that these impairments limited the plaintiff to a restricted range of sedentary work involving only lifting fifteen pounds occasionally and ten pounds frequently (Tr. 15). The law judge further determined that the plaintiff can stand, walk or sit for six hours in an eight-hour workday, but needs the option to alternate sitting or standing (id.). The law judge decided that, as a result of the plaintiff's sleep apnea, he must avoid concentrated exposure to hazardous machinery and unprotected heights (id.). The law judge determined that these limitations precluded the plaintiff from returning to past work (Tr. 16). However, based upon the testimony of a vocational expert, the law judge

decided that there were jobs in the national economy that the plaintiff could perform, such as a telemarketer, surveillance systems monitor, and cashier (Tr. 17). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales,

402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on three grounds (Doc. 14, p. 2), although those grounds seem to have subparts. One

of the contentions is that the law judge failed to explain why he was discounting the plaintiff's testimony concerning the problems resulting from his obstructive sleep apnea.

The plaintiff's treating physician, Dr. Alok Kumar, diagnosed the plaintiff with obstructive sleep apnea and, thereafter, the plaintiff began using a C-PAP machine at night (Tr. 154). The plaintiff testified that he has problems with the C-PAP machine. He explained (Tr. 214):

> ... when I wear it the first hour's okay. After you sleep a little bit it's like you can't breathe. You have to yank it out. You wake up for five minute[s], ten minutes.

During the hearing, the law judge discussed with the plaintiff his own problems with a C-PAP machine for his sleep apnea (Tr. 215-16). The plaintiff testified that he has addressed his situation with his doctor, but that he continues to have problems with his C-PAP machine (Tr. 214, 215).

The plaintiff also testified that, as a result of not sleeping well at night, he is tired during the day and naps five to seven times (Tr. 214, 217). The plaintiff explained, "[s]ometime[s] I just sit and just fall asleep [INAUDIBLE] or sometimes I just fall asleep right on the table where I [] eating" (Tr. 217).

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective symptoms. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

If the law judge determines that, under this test, the complaints of pain are not supported by the objectively determined medical condition, then the subjective complaints cannot be the basis for a finding of disability and the law judge need not assess the credibility of the complaints of pain. He must, however, provide an adequate explanation for the determination in order to permit, upon judicial review, an assessment whether the proper standard was applied and whether the finding is supported by substantial evidence. See, e.g., Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987); Johns v. Bowen, 821 F.2d 551, 556 (11th Cir. 1987).

If, on the other hand, the law judge determines that there is objective medical evidence of an impairment which could reasonably be

expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985). In other words, this credibility finding must be adequately explained. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

The plaintiff's entire credibility determination consists of the following sentence (Tr. 16):

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible.

That statement is clearly inadequate to justify the law judge's discounting of the plaintiff's subjective complaints. Cannon v. Bowen, supra, 858 F.2d at 1545. In particular, there is no explanation given why the law judge rejected the plaintiff's testimony that, as a result of his inability to sleep properly at night, he falls asleep easily during the day and takes about five to seven daytime naps. Importantly, the vocational expert testified (not surprisingly)

that the plaintiff would not be able to work if he took a half dozen naps per day (Tr. 220).

The law judge stated that the plaintiff "has problems with using C[-]PAP for sleep apnea but only needs a machine adjustment" (Tr. 16). This comment was not made in connection with the (one-sentence) credibility determination and does not purport to be support for it. Notably, the Commissioner in his memorandum places no weight on the law judge's comment about a machine adjustment (Doc. 15, p. 5). This is understandable since the plaintiff persuasively argues that, in making such a comment, the law judge improperly assumed the role of a medical expert (Doc. 14, pp. 7-10). In light of the fact the Commissioner does not seek to rely on the comment, it is unnecessary to determine whether the comment constituted reversible error, as the plaintiff argues (id.). In all events, with that comment appropriately disregarded, there is no explanation at all for the law judge's rejection of the plaintiff's testimony regarding the daytime effects of his obstructive sleep apnea.

The Commissioner in his memorandum attempts to overcome this deficiency by an argument that the plaintiff's sleepiness as a result of the sleep apnea should be discounted (Doc. 15, pp. 6-8). That approach is

unavailing. A post hoc argument by litigating counsel cannot substitute for a reasonable rationale by the decision-maker regarding an issue. Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Ins. Co., 463 U.S. 29, 50 (1983).

Consequently, the law judge's failure to explain his rejection of the plaintiff's testimony concerning the daytime effects of his sleep apnea warrants a remand. Of course, on remand the Commissioner is not precluded from articulating a rational basis for discounting such testimony.

This determination makes it unnecessary to discuss related arguments regarding the plaintiff's sleep apnea, particularly since those issues may be resolved in the subsequent decision. The plaintiff's other contentions lack merit and do not warrant discussion.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby REVERSED and the

matter REMANDED for further consideration. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 11th day of February, 2008.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE